**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————————

**No. 07-4673**

———————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROLAND EUGENE FULLER,

Defendant - Appellant.

———————————————

**No. 07-4674**

———————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALVIERO MESA-LOPEZ,

Defendant - Appellant.

———————————————

Appeals from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(6:06-cr-00998-11; 6:06-cr-00998-5)

———————————————

Submitted:  February 14, 2008      Decided:  March 11, 2008

———————————————

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Stephanie A. Rainey, RAINEY & BROWN, LLC, Spartanburg, South Carolina; Janis Richardson Hall, Greenville, South Carolina, for Appellants. Reginald I. Lloyd, United States Attorney, Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roland Eugene Fuller and Alviero Mesa-Lopez ("Lopez") were tried together and convicted by a jury of conspiracy to possess with intent to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base, and 1000 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1) (2000), 21 U.S.C.A. § 841(b)(1)(A) (West 2000 & Supp. 2007), and 21 U.S.C. § 846 (2000). Lopez was also convicted of using and carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C.A. §§ 924(c)(1), (2) (West Supp. 2007), and possessing with intent to distribute fifty grams or more of methamphetamine, 500 grams or more of cocaine, and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1) (2000), 21 U.S.C.A. §§ 841(b)(1)(A), (b)(1)(B) (West 2000 & Supp. 2007) and 18 U.S.C. § 2 (2000). Fuller and Lopez both appealed their convictions, and for the reasons that follow, we affirm.

First, Fuller asserts the Government violated Batson v. Kentucky, 476 U.S. 79 (1986), in selecting the jury. Great deference is given to a district court's determination of whether a peremptory challenge was based on a discriminatory motive, and the court's ruling is reviewed for clear error. Jones v. Plaster, 57 F.3d 417, 421 (4th Cir. 1995). Generally, a Batson challenge consists of three steps: (1) the defendant makes out a prima facie case of discrimination; (2) the government offers a race-neutral

- 3 -

explanation; and (3) the trial court decides whether the defendant has carried his burden and proved purposeful discrimination. Purkett v. Elem, 514 U.S. 765, 767-68 (1995). Upon review of the record, we conclude the district court did not clearly err in determining Fuller did not establish purposeful discrimination in the jury selection.

Second, Lopez contends the district court erred in admitting evidence of approximately three kilograms of cocaine and 200 grams of methamphetamine seized from his residence because the Government failed to establish a complete chain of custody.[1] Lopez objected to admission of the drugs because the special agent who transferred the evidence from the residence to the DEA office did not testify. The court overruled the objection.

Under Fed. R. Evid. 901, the admission of an exhibit must be preceded by "evidence sufficient to support a finding that the matter in question is what its proponent claims." This showing is satisfied by "sufficient proof that the evidence is what it purports to be and has not been altered in any material respect," and is not intended as an "iron-clad" rule that requires exclusion of real evidence based on a missing link in its custody. United States v. Ricco, 52 F.3d 58, 61-62 (4th Cir. 1995). Resolution of

---

[1]During the search of Lopez's residence, police seized 2.99 kilograms of cocaine, 193.8 grams of methamphetamine, 575.75 kilograms of marijuana, firearms, ammunition, a food sealer, digital scales and over $27,000 in currency.

a chain of custody question rests with the sound discretion of the trial judge. Ricco, 52 F.3d at 61. We find the district court did not abuse its discretion because the Government presented sufficient testimonial evidence to authenticate the proffered drug evidence as the drugs found and seized from Lopez's residence. See United States v. Howard-Arias, 679 F.2d 363, 365-66 (4th Cir. 1982) (upholding admission of evidence when all members of the chain of custody testified except for one DEA agent who transferred the contraband from one location to another).

Third, Fuller challenges admission of the drugs seized from Lopez's residence, arguing that the evidence was unduly prejudicial to him.[2] Because Fuller did not challenge the admission of the evidence at trial, we review for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). Fuller thus must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34. When these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted). Because Fuller cannot establish error or prejudice, his claim fails.

---

[2]Fuller neither objected to a joint trial nor requested a severance.

Accordingly, we affirm Fuller's and Lopez's convictions and sentences.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED